

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARK PIERSON,                         )
                                      )
           Plaintiff,                 )
                                      )
    v.                                )   No. 04 C 939
                                      )
ROD R. BLAGOJEVICH and ROGER          )
WALKER, JR.,                          )
                                      )
           Defendants.                )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff's motion to strike certain portions of Defendants' answer and Exhibit A which is attached to Defendants' answer. For the reasons stated below we deny the motion to strike in its entirety.

## BACKGROUND

Plaintiff was a warden in an Illinois penal institution. He claims that his employment was terminated because the Illinois Governor did not consider Plaintiff to be "an ally of the Democratic administration." (FA par. 13). Plaintiff has brought the instant case alleging violations of his First Amendment rights.

1

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides the following:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f).

## DISCUSSION

Plaintiff argues that portions of Defendant's answer fails to comply with Federal Rule of Civil Procedure 8(b) which provides the following:

> A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial. Denials shall fairly meet the substance of the averments denied. When a pleader intends in good faith to deny only a part or a qualification of an averment, the pleader shall specify so much of it as is true and material and shall deny only the remainder. Unless the pleader intends in good faith to controvert all the averments of the preceding pleading, the pleader may make denials as specific denials of designated averments or paragraphs or may generally deny all the averments except such designated averments or paragraphs as the pleader expressly admits; but, when the pleader does so intend to controvert all its averments, including averments of the grounds upon which the court's jurisdiction depends, the pleader may do so by general denial subject to the obligations set forth in Rule 11.

Fed. R. Civ. P. 8(b). Plaintiff first complains about Defendants' answer to paragraph

9 of the complaint ("Paragraph 9"). Plaintiff asserts in paragraph 9 that his duties and responsibilities as Warden were well defined and of limited scope and that he was informed by his supervisors of certain duties and responsibilities. Defendants responded by denying that Plaintiff's duties and responsibilities as Warden were well defined and of limited scope and state the duties for the warden position are listed in an official written position description ("Position Description") attached to the answer as Exhibit A. Plaintiff also complains about Defendants' answer to paragraph 74 of the complaint ("Paragraph"). In Paragraph 74 Plaintiff asserts that during his 24 years of employment by the Illinois Department of Corrections ("IDOC") he is not aware of a single occasion when a warden was fired without being given the opportunity to accept another position with the IDOC. Defendants respond by stating that they lack sufficient information to determine what Defendants are aware of and deny that Wardens are entitled to an opportunity to be heard regarding accepting different positions.

Plaintiff argues that Defendants have failed to abide by the requirements of Rule 8(b) to either admit or deny the statements in Paragraphs 9 and 74 or indicate that Defendants lack sufficient information to answer. However, Plaintiff fails to offer any legal explanation for his position. Instead he merely refers the court to five other cases and states that the cases "support the proposition that the offending portions of the Answer filed by the STATE DEFENDANTS are not appropriate and do not comply with the specific dictate of FRCP 8(b)." However, if Plaintiff wishes

to pursue a motion in this case before this court Plaintiff must do more than simply make general references to rulings in other courts. There is nothing improper with Defendants' answer to Paragraph 9 and Defendants' answer to Paragraph 9 is based upon a fair reading of Paragraph 9. Defendants included a sufficient denial for Paragraph 9 and, in regards to Exhibit A attached to the answer, the Seventh Circuit has recognized that a defendant can attach exhibits to its answer as part of the pleadings. *Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 452 (7th Cir.1998).

In regards to Paragraph 74, Defendants were entirely correct to respond by stating that they are without sufficient knowledge to respond. If Plaintiff wanted a clearer and more conclusive response, then it was Plaintiff's obligation to phrase the allegations in a manner other than stating that the Plaintiff was not aware of a single similar incident. Defendants' response that indicated that it could not read Plaintiff's mind was appropriate given Plaintiff's allegations. In regards to the remainder of Defendants' response, Defendants appropriately responded based upon a fair reading of Plaintiff's allegations. Defendants made their best efforts to respond to the disorganized and poorly drafted allegations included in Paragraph 74 by Plaintiff. If there is any explanation for the response provided by Defendants one need look no further than the allegations in Paragraph 74.

Plaintiff next seeks to have the answer to Paragraph 74 stricken as superfluous pursuant to Federal Rule of Civil Procedure 12(f). Plaintiff claims that the answer to

4

Paragraph 74 and Exhibit A attached to the answer are merely "unnecessary clutter or surplusage, or clearly redundant material." (Mot. 4). We do no not agree that the allegations and Exhibit A are "unnecessary clutter" that should be stricken. We do agree with Defendants' contention that Plaintiff's main thrust of the motion to strike is to strike Exhibit A based upon its lack of evidentiary value or at least to undermine its evidentiary value. Such an inquiry is improper at the pleadings stage. Therefore, we deny Plaintiff's motion to strike.

## CONCLUSION

Based on the foregoing analysis, we deny Plaintiff's motion to strike in its entirety.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 21, 2005

5